---

(Court of Common Pleas, Preble County.)
STATE OF OHIO EX REL. L. G. GOULD, AND E. B. HARKIDER. PARTNERS AS GOULD AND HARKRIDER v. THE BOARD OF COUNTY COMMISSIONERS OF PREBLE COUNTY, OHIO.

1. The writ of mandamus will not issue upon the information of a private citizen to secure the enforcement of a purely public duty, under sec. 6744, of the Rev. Stat., which provides, "It may issue on the information of a person interested."

2. The duty enjoined by sec. 917, of the Rev. Stats., upon the county commissioners, to cause their official statement, together with the report of the examiners, to be published in a compact form for one week, in two weekly newspapers of different political parties printed in the county, is a public duty, and must be enforced by some public officer charged with the duty of seeing that the laws are executed.

---

FISHER, J.

This is an application made on the part of the plaintiffs, Gould & Harkrider, editors of The Eaton Democrat, for a peremptory writ of mandamus against the Board of County Commissioners, to compel them to deliver to them, for publication in their paper, their financial statement, together with the report of the examiners, as required under sec. 917, of the Rev. Stats.

The relators set out in their petition, that they are partners and proprietors and publishers, of The Eaton Weekly Democrat, at Eaton, Preble county, Ohio; that there are but two different political parties in said county of Preble, having a paper or organ printed and published therein, and that the paper so printed and published by relators, is the recognized organ of the Democartic party, and is the only Democratic paper printed and published in said county.

The relators further say, that they are tax-payers in said county, both as a firm and individuals; that sec. 917, of the Rev. Stats. of Ohio, makes it the duty of the county commissioners, annually, on or before the third Monday in September, to make a detailed report, in writing, to the court of common pleas of the county, of their financial transactions during the year next preceding the time of making such report; that it is the duty of the court to cause such report to be investigated and examined by the Prosecuting Attorney and two suitable persons to be appointed by the court, and that it is the duty of such examiners, under said section, when they have completed such examination, to leave said financial statement and report of the commissioners with the auditor of the county for the use of the commissioners; all of which duties so enumerated have been discharged for the last current year, and said report is now in the hands of the defendants; that said sec. 917, further provides, that when said report is left with the county commissioners, "they shall immediately cause said statement, together with the report of the examiners, to be published in a compact form for one week in two weekly newspapers, of different political parties, printed in the county, if there are two such papers there published," as there are in his county.

Relators aver that the financial report or statement required by sec. 917, to be pub-

lished, as stated, has not been printed or published in any paper in said county for the last fiscal year, nor has any report been published in but one paper in said county.

They aver that the paper so owned by them is one of the papers in which said report should be published, and they are entitled so to publish the same, which is profitable to them; that relators have an interest in the publication of said report as owners of said paper, as the publication thereof would be profitable to them, and they are also interested as tax-payers with all other tax-payers, in having the provisions of said Sec. 917 complied with without reference to any profit they may derive therefrom.

That on December 21, 1895, the relators requested defendants, in writing, to have said report published as required by said section, which request defendants refused and still refuse; but did hand to the relators for publication a so-called report consisting of a statement as to each separate fund purporting to show the balance on hand September 1, 1894, to September 1, 1895, and the balance on hand September 1, 1895, together with the report of the examiners appended thereto. Said pretended report so tendered them is herewith filed marked, "Exhibit A" and referred to.

Relators aver that said pretended report is not a detailed report in writing of their financial transactions during the year, and is not the report submitted to the court and investigated by said examiners, and is not in compliance with the requirements of Sec. 917 of the Rev. Stat. of Ohio, and the relators declined to print and publish the same.

Wherefore, the relators pray that a writ of mandamus issue to the defendants commanding them to cause the statement and report made out and submitted to the court by them, examined by the examiners appointed by the court and now in their hands, together with the report of the examiners, to be published in a compact form for one week in two weekly newspapers of different political parties, printed in the county, as required by Sec. 917, and for all proper relief.

To this petition the defendant Board of County Commissioners filed a demurrer, and as one of the grounds of demurrer, and the only one which the court finds it necessary to consider in this case, the Board maintains that the relators have no capacity to sue or maintain this action against them.

Section 6744 of the Rev. Stats. provides that the writ of mandamus "may issue on the information of the party beneficially interested." This clause of this section has received judicial construction by our Supreme and Circuit Courts, and it has been held that where the duty sought to be enforced is purely a public duty, the party beneficially interested in the discharge of that duty is the public, and a private citizen cannot invoke the aid of mandamus to compel its performance. It must be invoked

by some public officer charged with the duty of seeing that the laws are executed.

In the case of The State ex rel. Flowers v. The Board of Education of the City of Columbus, 35 Ohio St., 368, Gilmore, Chief Justice, delivering the opinion, says on page 384: "The duty sought to be enforced is not a public duty due from the Board to the state as such, but a duty due from the Board to the relator personally, and such duty may be enforced in the name of the state on his relation without the intervention of the Attorney General.

In the State of Ohio, ex rel. Clark v. John Murphy, Superintendent, 3 Circuit, 332, it is held that under a statute which provides that the writ "may issue on the information of the person beneficially interested" it will not issue upon the information of a private citizen to secure the enforcement of a purely public duty.

The Supreme Court of the State of Kansas in passing upon a statute of that State identical with our own in the case of Bobbitt v. The State ex rel. Dresher, 10 Kans., 9, say: "But the statute authorizes the issue of the writ on the information of the party beneficially interested (Civil Code, 689.)

This evidently refers to an interest peculiar and specific, and not one common and general. All citizens are in a certain sense interested in a proper discharge of their duties by public officers, but it is not such an interest as will enable each citizen to describe himself as the party beneficially interested. The party beneficially interested in the discharge of a purely public duty is the public. These considerations all point to the conclusion that a private citizen may not invoke the aid of mandamus to compel the performance of a purely public duty."

The question then is: Is the duty required of the commissioners, under Sec. 917 of the Rev. Stats., to cause the statement with the report of the examiners, to be published in a compact form for one week in two weekly newspapers of different political parties printed in the county, a purely public duty, in the performance of which the relators have no different interest from that of the general public, or a duty in the performance of which the relators, by virtue of the statute, have some special interest different and aside from the interest of the general public?

If they have not, then the demurrer must be sustained.

Clearly, the object and purpose of Sec. 917, is to provide a way through which the public generally shall be informed as to the manner the commissioners have conducted the business of the county. In the performance of this duty of furnishing this information as to the receipts and expenditures of the county, each citizen and tax-payer is interested, but not differently from any other citizen.

While the performance of this duty may incidentally result to the material benefit

and profit of the printers of weekly news-papers, the law does not and could not give to the printers of newspapers any contractual right in the printing.

The duty imposed upon the commissioners is to cause the report to be printed. The purpose of the printing is information to the public, and not to furnish employment for the printer.

The purpose of the law being to give information to the pulbic, each member of the public is alike interested in it and the duty to furnish the information; and hence, the duty of the commissioners to cause the report to be printed, is purely a public duty. The interest of publishers of newspapers is purely incidental.

The relators aver that there are only two political parties in Preble county having a paper published therein: that the paper printed by them is the recognized organ of the Democratic party, and is the only Democratic paper printed and published in the county, and for this reason they have such a special interest in the publication of the report as to enable them to maintain this suit.

This allegation, in substance, admits that if there were two Democratic organs printed in the county, that they, the relators, by reason of their being publishers of one, would have no special and forcible right to the report. And we do not think that the accident in not having more than one organ in the county adds anything to their rights.

The question must be determined by the primary object of the duty enjoined by the statute, and being of the opinion that the duty enjoined upon the commissioners by this statute is purely a public duty, the relators are not the proper parties to invoke the aid of mandamus, and the demurrer must be sustained.

(The judgment of the common pleas court was affirmed by the circuit court, on error at its May term, 1896.)